UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ADAM CLAYTON GIFFORD, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 3:23-cv-347 |
| v. | ) | Judge Atchley |
| DEREK DAUGHERTY and JEFFREY BEARD, | ) | Magistrate Judge Poplin |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Adam Clayton Gifford is a prisoner in the custody of the Tennessee Department of Correction ("TDOC") who was permitted to proceed in this civil rights action under 42 U.S.C. § 1983 on a claim that Defendants Derrick Daughtery and Jeffrey Beard ("Defendants") used excessive force against him [Doc. 4]. Before the Court is Defendants' motion dismiss, or in the alternative, for summary judgment, based on Plaintiff's alleged failure to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), prior to filing suit [Doc. 16]. Plaintiff subsequently filed a request to "waive [the] level 1 filing time limit" [Doc. 18 p. 1] which the Court denied [Doc. 19].[1] Plaintiff has not filed a response to Defendants' motion, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1. Upon consideration of the parties' pleadings, the evidence presented, and the applicable law, the Court finds Defendants' motion should be **GRANTED** and this action **DISMISSED**.

---

[1] The Court stated that it "cannot waive institutional grievance requirements, as "'it is the prison's requirements . . . that define the boundaries of proper exhaustion.' *Jones v. Bock*, 549 U.S. 199, 218 (2007)" [Doc. 19 p. 1–2].

## I. BACKGROUND

On August 16, 2023, while housed at the Morgan County Correctional Complex ("MCCX"), Plaintiff was placed in handcuffs for creating a disturbance and was transported to a higher security area [Doc. 1 p. 4–5]. Plaintiff alleges that Defendants, both "Green Team" TDOC officers, used excessive force against him in association with that event [*Id.*].

## II. LEGAL STANDARD

Defendants filed their motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure [Doc. 17 p. 2–3], which allows a party to assert the defense of lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). However, the PLRA exhaustion requirement is not jurisdictional. *See, e.g., Woodford v. Ngo*, 548 U.S. 81, 101 (2006); *Lee v. Wiley*, 789 F.3d 673, 677 (6th Cir. 2015) (citations omitted). Additionally, Defendants rely on matters outside of the pleadings to support their motion [*See* Doc. 17-2]. Accordingly, the motion is more properly considered under Defendants' alternative for dismissal–as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

Under Rule 56, summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To establish an entitlement to summary judgment, the moving party must demonstrate that the nonmoving party cannot establish an essential element of his case for which he bears the ultimate burden of proof at trial. *Celotex*, 477 U.S. at 322. Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate by setting forth specific facts showing there is a genuine issue for trial. *Id.* at 323. That is, to successfully oppose a motion for summary judgment, "the non-

2

Case 3:23-cv-00347-CEA-DCP   Document 20   Filed 04/22/24   Page 2 of 7   PageID #: 172

moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010).

A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded, however. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court is required to, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id.* In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.* In the absence of a response, however, the Court will not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Id*. at 410. If the court determines that the unrebutted evidence set forth by the moving party supports a conclusion that there is no genuine issue of material fact, the court will determine that the moving party has carried its burden, and "judgment shall be rendered forthwith." *Id*. (alteration omitted).

## III. SUMMARY JUDGMENT EVIDENCE

TDOC has an established grievance procedure that is set forth in its policy and explained in the TDOC Inmate Grievance Procedures handbook [Doc. 17-2 pp. 2 ¶ 4, 6–13, 23–35]. Under this procedure, a grievance is a "written complaint concerning the substance or application of a written or unwritten policy or practice, any single behavior or action toward an inmate by staff or other inmates, or any condition or incident within the Department or institution which personally affects the inmate complainant" [*Id*. at 3 ¶ 10, 6–7]. Grievance forms are available in each housing unit, are given out upon request, and are collected daily from locked depositories on each unit [*Id*.

3

at 3 ¶ 11, 7, 27]. Inmates housed in segregation or who are medically detained may give their forms to any staff member, and that staff member is required to deposit the grievance in the depository the same day [*Id*. at 3 ¶ 12, 27]. Inmates needing assistance to prepare and file grievances may request the assistance of an advocate [*Id*. at 3 ¶ 13, 6, 28–29]. Grievances are logged into the Tennessee Offender Management Information System ("TOMIS") as received by the grievance chairperson, and grievance records are maintained on the TOMIS database [*Id*. at 2 ¶ 5, 7, 28].

The TDOC grievance review is a three-step process [*Id*. at 3–4 ¶ 14, 7–9]. First, an inmate initiates the process by submitting a written grievance form within seven days of the complained-of incident [*Id*. at 3 ¶ 14, 7]. The grievance is forwarded to the appropriate employee or department for a response, and that response is reviewed by the grievance chairperson, who also provides a written response [*Id*. at 3 ¶ 14, 8]. If the inmate is dissatisfied with that response, he may proceed to step two and appeal the response to the grievance committee and warden [*Id*. at 3 ¶ 14, 8]. The grievance committee will then issue a proposed response, which is forwarded to the warden, who reviews the committee's response and issues a response of agreement or disagreement [*Id*. at 3–4 ¶ 14, 8]. If the inmate is dissatisfied with the step two response, he may proceed to step three and appeal to the assistant commissioner of operations [*Id*. at 3–4 ¶ 14, 8]. The step-three response must be returned to the grievance chairperson within twenty-five working days of the date the appeal was received [*Id*. at 4 ¶14, 8]. This response is final and no longer subject to additional appeals [*Id*. at 4 ¶ 14].

If a time limit expires at any stage of the grievance process without the required response from prison officials, the inmate may move the grievance to the next stage of the process, unless the inmate agrees in writing to an extension of the applicable time period [*Id*. at 4 ¶14, 9].

Additionally, if the grievance is deemed inappropriate, an abuse of the procedure, or non-grievable, the inmate may appeal that decision [*Id.* at 9, 30]

Plaintiff filed "multiple grievances" about the use-of-force incident and did not receive a response [Doc 1. pp. 5, 8].[2] Plaintiff has not filed a recorded grievance since January 2023 [Doc. 17-2 ¶¶ 15–17, 41].

## IV. LAW & ANALYSIS

The PRLA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving the grievance and follow the "'critical procedural rules'" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "'on the merits.'" *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 95 (2006)).

Moreover, exhaustion is mandatory, regardless of the type of relief sought, or whether such relief can be granted through the administrative process. *See Ross v. Blake*, 578 U.S. 632, 641 (2016). Therefore, "(e)xhaustion is required even if the prisoner subjectively believes the remedy is not available, . . . . and 'even where (the prisoners) believe the procedure to be ineffectual or futile. . . ." *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (internal citations and citations omitted).

---

[2] Plaintiff's verified Complaint, sworn under penalty of perjury, "carries the same weight as would an affidavit for the purposes of summary judgment." *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).

5

Failure to exhaust is an affirmative defense for which a defendant bears the burden of proof. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). Accordingly, when defendants in a prisoner civil rights action move for summary judgment on exhaustion grounds, they "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Id.* at 455–56 (citations and internal quotation marks omitted). Once a defendant has demonstrated that there was a generally available administrative remedy that the plaintiff did not exhaust, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (citation omitted); *see also Napier*, 636 F.3d at 225–26 (finding once defendants put forth evidence of a valid administrative process, plaintiff must present evidence to rebut the availability of that remedy to defeat motion for summary judgment).

Here, the competent summary judgment evidence demonstrates that TDOC has an established grievance procedure in place that Plaintiff has used [Doc. 17-2 p. 41]. But Plaintiff's last recorded grievance was received in January 2023, well before the incident giving rise to this lawsuit [Doc. 17-2 p. 4 ¶17, 41]. And while Plaintiff states that he filed grievances regarding the use-of-force incident that is the subject of this litigation and never received a response, he does not allege that he proceeded to step two of the grievance process. And because TDOC grievance procedure allows inmates to proceed to the second step of the process when no response is timely received [Doc. 17-2 p. 4 ¶14, 9], Plaintiff cannot rely on a grievance non-response to avoid the exhaustion requirement. Therefore, the Court finds that Plaintiff failed to exhaust his available

6

administrative remedies prior to filing the instant suit, and Defendants are entitled to the dismissal of this action under 42 U.S.C. § 1997e(a).

V.   **CONCLUSION**

Defendants have met their burden of showing they would prevail at trial on the exhaustion issue. Accordingly, Defendants' motion to dismiss, or in the alternative, for summary judgment [Doc. 16] will be **GRANTED**, and this action will be **DISMISSED WITHOUT PREJUDICE**.

Finally, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and Plaintiff is **DENIED** leave to proceed *in forma pauperis* should he choose to appeal. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**SO ORDERED.**

/s/*Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**